# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00623-STV

MARGARITA GUERRERO MUNOZ,

     Petitioner,

v.

GEORGE VALDEZ; *et al*,

     Respondents.

_____

## ORDER
_____

Chief Magistrate Judge Scott T. Varholak

This matter is before the Court on Petitioner Margarita Guerrero Munoz's Petition for Writ of Habeas Corpus (the "Petition") [#1]. The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment. [#8] In her Petition, Ms. Guerrero Munoz seeks a writ of habeas corpus under 28 U.S.C. § 2241, challenging her detention in Department of Homeland Security ("DHS") custody. [#1] On February 17, 2026, Petitioner commenced this action through counsel by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 seeking immediate release. [*Id.* at 8] The Court has carefully reviewed the filings to date, and the applicable case law, and has determined that oral argument would not materially assist the Court in reaching a disposition.

As Respondents note, the central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention under 8 U.S.C. § 1225(b) or whether such a noncitizen is

entitled to seek a bond hearing under 8 U.S.C. § 1226(a).  Respondents concede, with appreciated candor, that this same legal question has already been addressed by this Court.  [#9 at 2 (citing *Inestroza Paguada v. Choate*, No. 25-cv-03970-STV, 2026 WL 621282 (D. Colo. Mar. 5, 2026)]  Indeed, this same legal question has been addressed by this District on numerous occasions over the past several months.  *See*, *e.g.*, *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313 (D. Colo. Feb. 24, 2026); *Chavez Armenta v. Noem*, No. 26-cv-00236-PAB, 2026 WL 274634 (D. Colo. Feb. 3, 2026); *Tumax Caniz v. Warden*, No. 25-cv-03969-NRN, 2026 WL 820813 (D. Colo. Mar. 25, 2026); *Aleman Hernandez*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025).  Nearly every court in this district to address the issue has held that an individual who has been living in the United States for years is not "seeking admission" such that their detention is mandatory under Section 1225.  *See id*.  Petitioner here presents an analogous fact pattern.  She has resided in the United States since at least 2005.  [#1 at ¶ 34]  In such a case, Petitioner is entitled to a bond hearing under Section 1226(a) for the reasons articulated in the many analogous orders that have been produced by this District.[1]  *See, e.g.*, *Guevara Garcia v. Baltasar*, No. 1:26-cv-

---

[1] Though Petitioner acknowledges that the Court could alternatively order a bond hearing, she seeks immediate release, arguing that such a hearing would be "fruitless" in light of the Government's "clear intention" to deny bond to individuals like her.  [#1 at ¶¶ 18-19]  The Court declines to order immediate release at this juncture.  Courts in this District addressing similar detention challenges have generally concluded that the appropriate initial remedy is to require a bond hearing under 8 U.S.C. § 1226(a), rather than immediate release from custody. *See, e.g.*, *Martinez Escobar v. Baltazar*, No. 26-CV-00296-NYW, 2026 WL 503313, at *4 (D. Colo. Feb. 24, 2026) (holding that a bond hearing under 8 U.S.C. § 1226(a), rather than immediate release, was the appropriate remedy in the first instance).  The Court therefore concludes that the proper remedy is to order Respondents to provide Petitioner with a prompt custody redetermination hearing before

01012-SKC, 2026 WL 835766, at *3 (D. Colo. Mar. 26, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *3 (D. Colo. Feb. 17, 2026).

Having determined that Petitioner is entitled to a bond hearing, the Court further finds that, at the hearing, the Government shall bear the burden of proving by clear and convincing evidence that detention is warranted. Section 1226 is silent as to who bears the burden of proving a noncitizen's eligibility for bond. However, courts have found "that, under normal circumstances, the burden is on the non-citizen to demonstrate that their 'release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1242 (D.N.M. 2025) (citing 8 C.F.R. § 236.1(c)(8)). These same courts have found, however, that unlawful detainment in violation of a petitioner's constitutional rights are not "normal circumstances." *Id*. In analogous cases to this one, the great weight of authority in this District has thus found that the burden of proof should rest with the government to prove that Petitioner is at risk of flight and/or a danger to the community such that continued detention is necessary. *Id*. at 1245; *see also Diaz v. Noem*, No. 26-cv-00882-NYW, 2026 WL 806716, at *4 (D. Colo. Mar. 24, 2026) (concluding that the government bears the burden of proof at a Section 1226(a) bond hearing where a petitioner is initially erroneously detained under Section 1225); *Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026) (same); *Abanil v. Baltazar*, No. 25-cv-4029-

_____

an immigration judge applying the standards required under § 1226(a) and pursuant to this Order. The Court notes, however, that should Respondents not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention, consistent with other courts' Orders in this district. *See*, *e.g.*, *Marquez-Rodriguez v. Valdez*, No. 26-cv-01067-NYW, 2026 WL 962597, at *4 (D. Colo. Apr. 9, 2026).

WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (finding it clear that the weight of authority in this District requires that the Government bear the burden of justifying a noncitizen's continued detention at a bond hearing); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840, *4 n.3 (D. Colo. Oct. 31, 2025) (holding that the burden rests with the government of justifying a noncitizen's continued detention); *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (same); *Loa Caballero v. Baltazar*, No. 25-cv-3120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) (same).  And the Court agrees with those Courts that have set the burden at clear and convincing evidence. *See, e.g., Velasquez Salazar*, 806 F. Supp. 3d at 1245; *Abanil*, 2026 WL 100587, at *8.  For the reasons that have been articulated in these numerous similar cases, the Court therefore finds that the Government shall bear the burden of proof by clear and convincing evidence at Petitioner's bond hearing.

For the foregoing reasons, it is **ORDERED**:

(1) that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] is **GRANTED** to the extent it seeks a bond hearing;

(2) Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **SEVEN DAYS** of the date of this Court's Order; and

(3) Respondents shall file a status report within **TEN DAYS** of the date of this Court's order to certify compliance.  The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial.

4

DATED:  May 21, 2026                          BY THE COURT:

 

                                           s/Scott T. Varholak
                                           United States Magistrate Judge